Wright, J.,
delivered the opinion of the Court.
The bill in this case is filed to be relieved against the payment of a usurious judgment.
*396 The facts are these: On the 19th of February, 1853, complainant, Threadgill, borrowed of defendant, Timber-lake, $500.00, and executed his note of that date, with the other complainant as his security, for said sum, due at the time of its execution.
They, also, at the same time, executed to Timberlake their note for $70, due at one year from that date and, also, on the 14th of July, 1854, complainant, Threadgill, with W. C. Threadgill as his surety, gave Timberlake another note for $70, due the 20th of February thereafter.
These last mentioned notes are admitted to be for illegal interest, reserved upon the loan of the $500.00 above mentioned.
On the 30fch of November, 1855, Timberlake took judgment against complainants for $583.82, the same being the amount of the $500.00 note with legal interest.
They have paid him $566.66, in a note on Bell and McHenry, due the 25th of December, 1856, and, also, in March, 1857, the sum of $85, out of which the sheriff took the costs of the suit at law, leaving $61 to be credited upon the judgment.
Timberlake claims the right to apply, as far as necessary, the Bell and McHenry note in discharge of the two notes of $70, and to credit the judgment with the balance, and in this way, insists that complainants yet owe him about $275,00; and has caused their property to be levied on to pay it.
The complainants failed to plead or rely upon the defence of usury at law.
The bill is for an injunction and relief against the *397 judgment, and a decree for any over payment. The Chancellor dismissed the bill, and gaye a decree against complainants for $274.89 and the costs of this suit and of the suit at law.
This decree is erroneous. The note upon Bell and McHenry, and the $61, should have been applied, entirely, as a credit upon the judgment, and not upon the notes for $70. If this had been done, the judgment would have been extinguished.
The rule in equity is to apply the excess of interest to the satisfaction of the - principal, and when that is paid in this way, all that is paid afterwards may be recovered by the borrower, as so much money had and received by the lender to his use. Boyers v. Boddie, 3 Hum., 666.
As to the abatement claimed by Timberlake, of 16$ per cent, discount upon the Bell and McHenry note, upon the ground that he purchased and took it of complainants at that rate — the same cannot be allowed, because it is new matter, set up in the answer by way of avoidance, and not proved. It is not pretended that every dollar of the note was not realized.'
As to the costs of the suit at law, they appear to have been paid. It was error, therefore, to decree complainants to pay them.
The decree of the Chancellor will be reversed, and the injunction made perpetual.
The complainants will have a decree for an account upon the principles of this opinion, and a recovery for any balance due them.
Decree reversed.